# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00812-COA

| | |
|---|---|
| **CHARLES SMITH** | **APPELLANT** |

**v.**

| | |
|---|---|
| **STATE OF MISSISSIPPI** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/2014 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOSEPH SCOTT HEMLEBEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF MURDER AND SENTENCED, AS A HABITUAL OFFENDER, TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED – 12/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. Charles Smith appeals the judgment of the Clay County Circuit Court, arguing that the trial court erred by not informing him of his rights as a pro se litigant under Uniform Rule of Circuit and County Court 8.05.

¶2. Finding no error, we affirm.

FACTS

¶3. On April 5, 2012, Smith was indicted for the murder of Bennie Oaks, which occurred on September 4, 2011. Prior to trial, the court appointed counsel to represent Smith; however, Smith informed the court that he wanted to represent himself. After a mental evaluation of Smith, the doctor that had examined him expressed concerns about his effectiveness in representing himself and his working relationship with his trial counsel. Despite those concerns, the doctor concluded that Smith could competently, knowingly, and intelligently participate in the proceedings. Upon inquiry by the court, Smith clarified his intention to conduct his defense in cooperation with his trial counsel's assistance. The court then granted Smith permission to proceed to trial and represent himself during portions of the proceedings. During the trial, Smith and his appointed counsel both participated in his representation. On April 14, 2014, Smith was convicted of murder and sentenced to life in prison as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015). On October 15, 2014, Smith's motion for a new trial was denied. This appeal followed.

## DISCUSSION

¶4. "The trial court's decision to allow pro se representation will be disturbed only upon a showing of abuse of discretion." *Metcalf v. State*, 629 So. 2d 558, 566 (Miss. 1993).

¶5. Smith argues that the trial court failed to inform him of the disclosures required to be given to a pro se litigant under Uniform Rule of Circuit and County Court 8.05. Rule 8.05

2

provides:

> When the court learns that a defendant desires to act as his/her own attorney, the court shall on the record conduct an examination of the defendant to determine if the defendant knowingly and voluntarily desires to act as his/her own attorney. The court shall inform the defendant that:
>
> 1. The defendant has a right to an attorney, and if the defendant cannot afford an attorney, the state will appoint one free of charge to the defendant to defend or assist the defendant in his/her defense.
>
> 2. The defendant has the right to conduct the defense and that the defendant may elect to conduct the defense and allow whatever role (s)he desires to his/her attorney.
>
> 3. The court will not relax or disregard the rules of evidence, procedure or courtroom protocol for the defendant and that the defendant will be bound by and have to conduct himself/herself within the same rules as an attorney, that these rules are not simple and that without legal advice his/her ability to defend himself/herself will be hampered.
>
> 4. The right to proceed pro se usually increases the likelihood of a trial outcome unfavorable to the defendant.
>
> 5. Other matters as the court deems appropriate.
>
> After instructing the defendant and ascertaining that the defendant understands these matters, the court will ascertain if the defendant still wishes to proceed pro se or if the defendant desires an attorney to assist him/her in his/her defense. If the defendant desires to proceed pro se, the court should determine if the defendant has exercised this right knowingly and voluntarily, and, if so, make the finding a matter of record. The court may appoint an attorney to assist the defendant on procedure and protocol, even if the defendant does not desire an attorney, but all disputes between the defendant and such attorney shall be resolved in favor of the defendant.

¶6. Most notably, Smith argues that the court did not inform him that proceeding pro se would increase the likelihood of an unfavorable outcome at trial. He also argues that the

court never specifically told him that he had the right to an attorney. However, he admits that the court's action in appointing counsel to assist him may be interpreted as the court telling him that he possessed such a right. Further, he argues that although the court informed him that he would be held to the same evidentiary standards of an attorney, he did not know that he would be held to the same standards regarding all aspects of his representation. In addition, he contends that the nature of the hybrid representation was damaging to his case, as there was no cohesive trial theory. He states that his attorney argued that the stabbing was in self-defense; however, he argued that he did not stab Oaks at all—an inconsistency that he believes hurt his case. Smith also contends that his decision to waive counsel was not made knowingly, voluntarily, and intelligently, as required by Rule 8.05. Finally, he asserts that since he was not properly informed of his rights, his conviction and the judgment of the circuit court should be reversed.

¶7. The State correctly responds that Smith did not waive his right to counsel. Instead, Smith proceeded under a hybrid representation whereby Smith and his attorney shared the responsibility of presenting his case at trial. During the hearing to decide whether Smith would be capable of proceeding pro se, Smith had the following exchange with the court:

[COURT]: Last time we talked[,] I think you indicated you wanted to represent yourself; is that right?

[SMITH]: Well, Your Honor, it was partially. What I was saying is that I don't have a problem with my counsel representing me. But I would like to actually have the moment to cross-examine the witnesses as well as him. I wanted it to be a partial thing, we do this in part.

4

[COURT]:    Sure.  I understand.  You don't get to cross-examine a witness and he gets to cross-examine a witness.  I mean, if there's a witness you want to cross-examine, you'll have to do it, he won't be able to cross-examine.

[SMITH]:    I understand that.

[COURT]:    Okay.  So you want to be able to be an active participant in certain parts of the case?

[SMITH]:    That's correct.

* * * *

[COURT]:    All right.  You understand if you cross-examine or do direct examination of witnesses, I'll have to hold you to the same rules of evidence that I do to the State and that I would hold [your attorney], too.  Do you understand that?

[SMITH]:    Yes, sir, I understand.

¶8.    Although Smith was active in representing himself by delivering the opening statement and performing examinations of witnesses, he was not a true pro se defendant. Smith's trial counsel filed several pretrial motions on his behalf, conducted jury voir dire, delivered the closing argument, cross-examined some of the State's witnesses, and argued objections during the trial.  The issue of hybrid representation is succinctly addressed in *Henley v. State*, 729 So. 2d 232, 236 (Miss. 1998):

Recently, this court has turned to a hybrid representation in an effort to strike a balance between the right to counsel and the right to self-representation. Hybrid representation encompasses both the participation of the criminal defendant in the course of the trial when he has not effectively waived his right to assistance of counsel, and the participation by an attorney when the defendant is proceeding pro se.  There is no absolute right to hybrid

5

representation, and whether to allow hybrid representation lies in the discretion of the trial court.

¶9. When looking at the relationship between Smith and his attorney, it is clear that a hybrid relationship existed. This Court ruled in *Wash v. State*, 129 So. 3d 247, 251 (¶9) (Miss. Ct. App. 2013), that the appellant

> did not proceed pro se as contemplated by Rule 8.05; thus, there [was] no need to determine whether [the appellant] knowingly and voluntarily waived his right to counsel. [The appellant] was never left to his own defense as . . . [trial counsel] functionally remained counsel throughout trial in the form of hybrid representation.

¶10. The ruling in *Wash* is directly applicable to this case. Smith's argument that he was not apprised of his rights under Rule 8.05 is moot since he was represented in a hybrid capacity. Despite the fact that the court was not required to do so—because of the nature of Smith's hybrid representation—the court did in fact inform Smith of all of his rights, including the significant risk he faced by representing himself. Immediately before trial, Smith had the following exchange with the court:

> [COURT]:    Okay. Like I say, you're not a dumb man, you're a pretty smart fellow. I figured that out, but I also told you, in all the years I've either been a trial lawyer, or a trial judge, I don't know anybody that's ever defended [himself] and won. I think I told you that, last time; right?
>
> [SMITH]:    But it's not impossible.
>
> [COURT]:    No. It's not impossible. It just, it doesn't happen very often. I just want you to be aware of that.
>
> [SMITH]:    Again, if I lose, Your Honor, then I'm to blame myself.

Clearly, the trial court fully informed Smith of his rights under Rule 8.05 despite having no obligation to do so; therefore, his arguments are without merit.

¶11.    **THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN PRISON IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.**

        **LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**